

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00266-CR

Eric Gonzales **FABRO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A16291
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: June 27, 2018

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Eric Gonzales Fabro was indicted for murder. Fabro waived a jury, pleaded not guilty, and was tried by the court. The trial court found Fabro guilty of murder and made an affirmative finding of a deadly weapon. After receiving and reviewing a presentence investigation report and hearing additional punishment evidence, the trial court sentenced Fabro to life in prison and ordered that he reimburse Kerr County $5,000 for his court-appointed trial counsel. Fabro timely appealed the judgment.

Fabro's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes there are no meritorious grounds for review warranting reversal of the judgment and

the appeal is frivolous. However, counsel asserts that the judgment and bill of costs should be reformed to delete the requirement that Fabro pay attorney's fees. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Fabro and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). This court provided appellant a copy of the appellate record and gave him a deadline to file a pro se brief. The court subsequently granted Fabro an extension of time to file the brief, but no pro se brief has been filed.

We have thoroughly reviewed the record, and counsel's brief. We conclude there is no reversible error in the conviction and sentence and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing costs and attorney's fees against Fabro should be modified.

After his arrest, Fabro filed an application for appointment of counsel and an affidavit of indigence, in which he states he is "too poor to employ counsel." The trial court appointed counsel to represent Fabro. At the conclusion of the punishment proceedings and without any inquiry into Fabro's ability to pay or whether his financial circumstances had changed, the trial court ordered Fabro to reimburse Kerr County $5,000 for the cost of his court-appointed attorney. This order is recited in the trial court's judgment. The bill of costs issued by the Kerr County District Clerk assesses the amount of $8,492 for attorney's fees. After sentence was imposed, the trial court granted Fabro's motions for appointment of appellate counsel and for a free reporter's record.

A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013)

(quoting Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012)). The record in this case provides no factual basis for a determination that Fabro is able to pay attorney's fees. *See Cates*, 402 S.W.3d at 252. We therefore agree with counsel that the evidence is insufficient to support the assessment of attorney's fees against Fabro and therefore modify the judgment and bill of costs to delete the assessment.

We grant the motion to withdraw filed by Fabro's counsel and affirm the trial court's judgment as modified.[1]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Fabro wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.